IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ELISHA N. BRADLEY                                                                           PLAINTIFF

vs.                                       Civil No. 4:06-cv-04058

MICHAEL J. ASTRUE[1]                                                                        DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Elisha N. Bradley ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her applications for Childhood Disability Benefits ("CDB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

The Plaintiff filed her applications for CDB and SSI on April 29, 2002 (first set of applications for CDB and SSI) and on August 20, 2003 (second set of applications for CDB and

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

1

SSI). (Tr. 13, 25-30, 256-257). These applications alleged an onset date of April 1, 1991. (Tr. 14, 256-257). These applications were initially denied on September 9, 2002 (first set of applications) and on October 14, 2003 (second set of applications) and again on reconsideration on February 23, 2004 (second set of applications). (Tr. 25-42). The record indicates the Plaintiff did not file a request with the Appeals Council for a reconsideration of the first set of applications for CDB and SSI. (Tr. 25-30). Instead of requesting this reconsideration, the Plaintiff appears to have filed the second set of applications. (Tr. 25-30). The Plaintiff requested an administrative hearing which was held on May 11, 2005 in Texarkana, Arkansas. (Tr. 13, 294-304). The Plaintiff was present at the hearing but, although she was fully advised of her right to be represented by counsel, was not represented by counsel at the hearing. (Tr. 13). The Plaintiff and William Elmore (a vocational expert) testified at the administrative hearing. (Tr. 294-304). At the time of the hearing, the Plaintiff was twenty-one years old and had a high school education. (Tr. 297).

On June 17, 2006, the ALJ entered an unfavorable decision and denied the Plaintiff's request for disability benefits. (Tr. 13-18). The ALJ concluded the Plaintiff had not engaged in Substantial Gainful Activity ("SGA") at any time since the alleged onset date. (Tr. 17, Finding 2). The ALJ determined the Plaintiff had borderline intellectual functioning. (Tr. 17, Finding 3). The ALJ concluded the Plaintiff's impairment was severe. (Tr. 17, Finding 3). However, the ALJ also concluded the Plaintiff's impairment or combination of impairments did not meet the requirements of Appendix 1, Subpart P, Regulation No. 4 ("Listings"). (Tr. 17, Finding 4).

The ALJ evaluated the subjective complaints of the Plaintiff and determined the Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 17, Finding 6). The Plaintiff claimed she was unable to work because she was a slow learner and had visual limitations. (Tr. 14). The ALJ analyzed

these subjective complaints. (Tr. 15-17). The ALJ concluded these subjective complaints were not credible based upon the Plaintiff's medical records and the Plaintiff's daily activities and due to a number of inconsistencies regarding the nature and extent of the Plaintiff's alleged impairment. (Tr. 15-19). Based upon this credibility determination and the ALJ's examination of the Plaintiff's medical records, the ALJ concluded the Plaintiff had the RFC to perform a wide range of unskilled work at all exertional levels. (Tr. 17, Finding 6).

The ALJ determined that the Plaintiff did not have any Past Relevant Work ("PRW") because she had never had a job. (Tr. 17, Finding 7). The ALJ also determined that, based upon the Plaintiff's RFC, age, education, and work experience, she was functionally capable of performing work that exists in significant numbers in the national economy. (Tr. 18, Finding 10). Vocational Expert ("VE") William Elmore testified at the administrative hearing and addressed this issue. (Tr. 17, 302-304). The VE testified that a hypothetical person with the same RFC, age, education, and work experience as the Plaintiff could perform work as a hand packer (136,000 jobs nationally, 5,000 jobs regionally, and 1,600 jobs locally) or as a production worker (171,000 jobs nationally, 33,000 jobs regionally, and 6,500 jobs locally). (Tr. 17). Based upon this testimony, the ALJ concluded the Plaintiff was not disabled. (Tr. 17, Finding 10).

On June 17, 2006, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 5-7). On July 21, 2006, the Plaintiff filed the present appeal. (Doc. No. 1). This case was referred to the undersigned on February 20, 2007. The Plaintiff and the Defendant have both filed appeal briefs. (Doc. Nos. 8-9). This case is ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any SGA. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether an adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently

engaged in a SGA; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his or her PRW; and (5) if the claimant cannot perform his or her PRW, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. § 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920.

### 3. **Discussion:**

The Plaintiff brings the present appeal claiming (1) the ALJ erred by failing to apply the childhood disability standards to the Plaintiff, (2) the ALJ erred by failing to find the Plaintiff qualified under the childhood disability standards, (3) the ALJ erred by failing to consider the Plaintiff's "marked mental limitations and severe non-exertional limitations," and (4) the ALJ erred by relying upon the testimony of the VE at step five of the analysis. (Doc. No. 8).  The Defendant claims the ALJ properly determined the childhood disability standards did not apply to the Plaintiff, the ALJ properly considered the Plaintiff's limitations, and the ALJ properly relied upon the testimony of the VE.  (Doc. No. 9).

First, this Court has reviewed the Plaintiff's extensive argument that the ALJ should have applied, and the Plaintiff should have qualified as disabled under, the childhood disability standards of Title XVI.  Specifically, the Plaintiff claims the ALJ must evaluate her disability claim under the child disability standards and pursuant to 20 C.F.R. § 416.924(f).  (Doc. No. 8).  This argument,

however, is without merit. The record clearly establishes that, when the Plaintiff filed her application for Title XVI benefits or SSI on April 29, 2002 (Tr. 25-26), the Plaintiff was eighteen (18) years old. (Tr. 25). The relevant time period for the purposes of an SSI disability determination begins when the SSI application was filed and ends when Commissioner enters his final decision. *See Cruse v. Bowen,* 867 F.2d 1183, 1185 (8th Cir. 1989). Thus, the relevant time period for the purposes of this disability determination began on the date the Plaintiff's application was filed or on April 29, 2002 when the Plaintiff was 18 years old. *Id.* Since the Plaintiff was eighteen years old at the time of filing, and was not a child at the time of filing, the childhood disability standards of Title XVI do not apply in the Plaintiff's case.

Also, 20 C.F.R. § 416.924(f) applies only when a plaintiff attains age eighteen *after* the plaintiff has filed his or her disability application but *before* the Commissioner makes a final disability determination. In the present action, the Plaintiff was eighteen at the time she filed her application, and, as such, this regulation is clearly not applicable in the Plaintiff's case. Thus, the ALJ did not err in only applying the adult disability standards under Title XVI to the Plaintiff.[3]

Second, this Court has reviewed the Plaintiff's argument that she should qualify for CDB. (Tr. 13). *See* 20 C.F.R. § 404.352. Subject to a few exceptions, a claimant is only entitled to CDB until the earliest of one of the following: (1) when the claimant turns eighteen years old, (2) when the claimant's disability ends if the claimant is disabled at age eighteen, (3) when the claimant is no longer a full-time student, (4) when the claimant marries, (5) when the insured's entitlement to

---

[3] Furthermore, from April of 1984, before the Plaintiff's alleged onset date, until June of 2002, apparently when the Plaintiff graduated from high school, the Plaintiff received social security benefits. (Doc. 9-2). The Plaintiff received social security benefits during this time period because she was a non-disabled child of a disabled parent. Thus, in requesting benefits from her alleged onset date until June of 2002, the Plaintiff is seeking double social security benefits for the same time period. This Court also finds it important to note that the Plaintiff told Dr. Grant that she had received disability payments as a non-disabled child of a disabled parent and that she "want[ed] them [the disability payments] back." (Tr. 169).

6

old-age or disability benefits ends, or (6) when the claimant dies. *See id.* In the present action, the Plaintiff was over eighteen at the time of her application and had not established that she was disabled. Accordingly, she clearly does not qualify for CDB, and the ALJ correctly determined the Plaintiff should not qualify for CDB. *See id.*

In addition to reviewing the issues raised by the Plaintiff in her appeal brief, this Court is also responsible for reviewing the record to determine whether it is supported by substantial evidence. *See* 42 U.S.C. § 405(g). If the record is not supported by substantial evidence, then the decision of the ALJ cannot be affirmed. *See id.* In the present action, this Court finds the ALJ's decision is not supported by substantial evidence in the record and cannot be affirmed. Specifically, this Court finds the ALJ's credibility determination is not supported by substantial evidence because the ALJ failed to analyze and to evaluate the Plaintiff's subjective complaints pursuant to *Polaski v. Heckler,* 739 F.2d 1130 (8th Cir. 1984). *See Cline v. Sullivan,* 939 F.2d 560, 569 (8th Cir. 1991).

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). These five *Polaski* factors, which provide as follows, must be analyzed and considered in light of the claimant's subjective complaints: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the limitation; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See id.* at 1322. The ALJ is not required to methodically discuss each *Polaski* factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).

In the present action, the Plaintiff claimed that she had vision problems and memory

limitations. (Tr. 14). However, the ALJ did not review these complaints pursuant to *Polaski*. (Tr. 13-18). The ALJ did not even cite *Polaski*. (Tr. 13-18). The ALJ is required to acknowledge all of the *Polaski* factors prior to discounting the Plaintiff's subjective complaints. *See Brown v. Chater,* 87 F.3d 963, 965 (8th Cir. 1996). Since the ALJ did not, at the very least, acknowledge *Polaski* or any of the five *Polaski* factors, this case should be reversed and remanded to the Commissioner for a full *Polaski* analysis.[4] *Id.*

On remand, the ALJ is reminded of his or her duty to evaluate the Plaintiff's subjective complaints pursuant to the standards and factors set forth in *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). This Court is remanding the present action for the sole purpose of allowing the ALJ the opportunity to perform a proper *Polaski* analysis. However, the ALJ also has the duty to fully and fairly develop the record. *See Snead v. Barnhart,* 360 F.3d 834, 838-39 (8th Cir. 2004). In the present action, the Plaintiff complains that she both has a visual impairment and that she is a slow learner. (Tr. 14). Since the medical records did not provide a basis for these claims, the ALJ previously ordered two consultative examinations to assess the Plaintiff's vision and her mental aptitude. (Tr. 168-174). If the ALJ finds these records do not provide an adequate basis for his or her decision, the ALJ should order additional medical records or send the Plaintiff to a specialist for further evaluation in order to fully and adequately develop the record. *See Snead,* 360 F.3d at 838-39.

---

[4] Even though the ALJ did not cite or mention the factors in *Polaski*, the ALJ did evaluate the Plaintiff's daily activities (that she takes care of two small children by herself and is able to manage her own household) and the dosage, effectiveness, and side effects of the Plaintiff's medication (that she takes no medication). (Tr. 15). At the administrative hearing, the Plaintiff also stated that she sits at home all day and plays "the Nintendo thing," which is inconsistent with her subjective complaints that she is visually and mentally impaired. (Tr. 299). However, despite these findings, the ALJ is still required to reference *Polaski* and to specifically cite the *Polaski* factors. *See Lowe,* 226 F.3d at 971-72. The ALJ cannot meet the requirements of *Polaski* by merely discussing evidence that is consistent with a proper *Polaski* analysis. *See id.*

**4. Conclusion:**

Accordingly, based on the foregoing, the decision of the ALJ, denying benefits to the Plaintiff, is not supported by substantial evidence, and should be reversed. This matter should be remanded to the Commissioner for further action consistent with this opinion.

**ENTERED** this **17th day of May, 2007.**

       /s/   Barry A. Bryant
       Honorable Barry A. Bryant
       United States Magistrate Judge