IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ELISHA N. BRADLEY                                                                               PLAINTIFF

vs.                                          Civil No. 4:06-CV-04058

MICHAEL J. ASTRUE[1]
Commissioner, Social Security Administration                           DEFENDANT

### ORDER

Pending now before this Court is Plaintiff's Application for Attorney's Fees Under 28 U.S.C. § 2412, the Equal Access to Justice Act. (Doc. No. 12).[2] Defendant has responded to this application and has no objections. (Doc. No. 13). This matter is ready for decision.

### 1. Background:

Elisha N. Bradley ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of her request for Childhood Disability Benefits ("CDB") and Supplemental Security Income ("SSI"). (Doc. No. 1). On April 17, 2007, this Court reversed and remanded Plaintiff's case to the ALJ pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. No. 11). On July 18, 2007, Plaintiff's attorney requested fees under the Equal Access to Justice Act ("EAJA"). (Doc. No. 12). Plaintiff's attorney has request an award of $2,300.00, representing 18.4 hours of work at an hourly rate of $125.00. (Doc. No. 12). Defendant responded to this application on July 20, 2007 and has no objections. (Doc. No. 13).

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No."

**2. Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting

2

unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index (CPI). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3. Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. (Doc. No. 11). Defendant does not contest Plaintiff's claim that she is the prevailing party, does not oppose Plaintiff's attorney's application for fees under the EAJA, does not object to the hourly rate requested, and does not dispute the number of hours expended by counsel. (Doc. No. 13). This Court construes this lack of opposition to Plaintiff attorney's application in the present action as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff's attorney requests an award under the EAJA at the rate of $125.00 per hour for the 18.4 hours which he asserts were devoted to the representation of Plaintiff in this Court. (Doc. No. 12). This hourly rate is authorized by the EAJA, and this Court finds that this is an appropriate hourly rate for the award of attorney's fees in this case. Further, I have reviewed counsel's itemization of time appended to his petition. (Doc. No.12, Pages 3-5). The Court notes

that Defendant has not objected to the number of hours for which counsel seeks a fee award, and this Court finds the time asserted to be spent in the representation of Plaintiff before the district court is reasonable.  Thus, this Court finds that Plaintiff's counsel is entitled to compensation under the EAJA in the amount of $2,300.00, which is a total of 18.4 hours at a rate of $125.00 per hour.

### 4. Conclusion:

Based upon the forgoing, the Court **GRANTS** Plaintiff's Application for Attorney's Fees Under 28 U.S.C. § 2412 (Doc. No. 12) and awards Plaintiff's attorney **$2,300.00** in attorney's fees pursuant to the EAJA.  This total represents a fee of $125.00 per hour for 18.4 hours of work.

**ENTERED** this **24th day of July, 2007.**

    /s/   Barry A. Bryant
Honorable Barry A. Bryant
United States Magistrate Judge